UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL L. GALLUP**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　　　　　　　　　　　　CAUSE NO. 1:23cv149TBM-RPM

**OLEO-X, LLC &**
**FIRST CHEMICAL, LLC fka**
**FIRST CHEMICAL CORPORATION**　　　　　　　　　　　　　　　　**DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW Plaintiff, Michael L. Gallup, by and through his attorneys, Rushing & Guice, P.L.L.C., and files this Complaint against Defendants, Oleo-X, LLC and First Chemical Corporation, and for his good cause of action states unto the Court and gives notice of the following, to-wit:

## THE PARTIES

1. Plaintiff Michael L. Gallup (hereinafter referred to as "Plaintiff") is an adult resident citizen of Spring, Texas.

2. Defendant Oleo-X, LLC (hereinafter referred to as "Oleo") is a Mississippi limited liability company that may be served with process through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. At all times mentioned herein, Oleo-X, LLC did business in Jackson County, Mississippi, maintaining an office at 1001 Industrial Road, Pascagoula, Mississippi 39581.

3. Defendant First Chemical Corporation now known as First Chemical, LLC (hereinafter referred to as "FCC") is a Mississippi limited liability company that may be served with process

through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. At all times mentioned herein, First Chemical, LLC did business in Jackson County, Mississippi, maintaining an office at 1001 Industrial Road, Pascagoula, Mississippi 39581.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon the diversity of citizenship of the parties pursuant to 28 U.S.C.§1332. The amount in controversy, exclusive of interest and costs, exceed the sum of seventy-five thousand dollars ($75,000.00).

5. Venue is located in the Southern Division of the Southern District of Mississippi, as this is the division and district in which the cause of action accrued and in which Oleo and FCC may be found.

## FACTS

6. This is a complaint for breach of contract and breach of the duty of good faith and fair dealing.

7. Plaintiff entered into a Consulting Agreement ("Agreement") with O-X Holdings, LLC (a Delaware corporation) dated March 1, 2022. (Exhibit A). The Agreement was structured with an initial three-month term with the option to extend and in fact was extended by the parties. The goals and objectives of the Agreement were to provide consulting, advisory and related services related to developing a Renewable Diesel Feed Treatment Production Platform and making the first investment for the platform. Plaintiff was to perform services such as may be reasonably requested from time to time, consistent with the Scope of Services described in the Consulting Agreement.

8. In mid-May 2022 the Agreement was modified to move it from O-X Holdings, LLC to Oleo. (Exhibit B). The modification changed the legal entity only and added a "No Other Agreement" clause to the original Agreement with all other wording remaining the same. Plaintiff was assured by Oleo that the change was not being made to avoid payment.

9. Pursuant to the Agreement, Consulting Fees for the initial 3-month period (March 1, 2022 to May 31, 2022) were set at forty thousand dollars ($40,000.00) per month to be paid only after there was $15 million in Total Investment in the project. Plaintiff was also to receive a guaranteed minimum Incentive Payment in the amount of two hundred thousand dollars ($200,000.00) in addition to the Consulting Fees to be paid only after Additional Investment in Oleo exceeded $25 million.

10. Plaintiff entered into an extension dated May 31, 2022 with FCC which recognized that "This Consulting Agreement is a transfer from Oleo to FCC and a three-month extension of the prior Consulting Agreement from June 1, 2022 to August 31, 2022". (Exhibit C).

11. Plaintiff submitted a Bill for Services dated June 30, 2022 and due July 30, 2022 to Oleo covering the one hundred twenty thousand dollars ($120,000.00) in Consulting Fees due for work performed between March 1, 2022 and May 31, 2022. (Exhibit D). Plaintiff also submitted a Bill for Services to FCC dated June 30, 2022 and due July 30, 2022 covering the forty thousand dollars ($40,000.00) in Consulting Fees plus one thousand two hundred dollars ($1,200.00) in out-of-pocket expenses for work performed between June 1, 2022 and June 30, 2022 under the extended Agreement. (Exhibit E).

12. Defendants refused to pay the one hundred twenty thousand dollars ($120,000.00) in Consulting Fees under the original Agreement but on July 27, 2022 paid the forty-one thousand

two hundred dollars ($41,200.00) in Consulting Fees and out-of-pocket expenses due under the similarly worded extended Agreement.

13. In accordance with the Agreement, the Additional Investment in Defendants exceeded $25 million around September 2022. Plaintiff submitted a Bill for Services to Oleo dated October 26, 2022 and due November 25, 2022 covering the two hundred thousand dollars ($200,000.00) guaranteed minimum Incentive Payment. (Exhibit F). To date this invoice has not been paid.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT

14. Plaintiff reasserts the allegations in all preceding paragraphs as if they were specifically reasserted herein.

15. Defendants breached the Agreement by failing to perform their payment obligations under the Agreement.

16. As a result of Defendants' breach of contract, Plaintiff has been damaged as described herein.

### COUNT II - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

17. Plaintiff reasserts the allegations in all preceding paragraphs as if they were specifically reasserted herein.

18. Implied in every contract in Mississippi is the covenant of good faith and fair dealing. Defendants have breached the covenant of good faith and fair dealing which they owe to Plaintiff and as a result Plaintiff has been damaged herein.

19. Defendants have breached the covenant of good faith and fair dealing owed to Plaintiff by acting intentionally and with malice, and as a result Defendants owe Plaintiff punitive damages as set forth herein. Plaintiff has been damaged as a result of Defendants' breach of the covenant of good faith and fair dealing in an amount set forth in the damage paragraphs below.

## DAMAGES

20. Taking into consideration damages of every nature and kind which may be recovered by Plaintiff against Defendants, Plaintiff has been damaged in an amount to be proven in trial but not less than three hundred twenty thousand dollars ($320,000.00).

21. Plaintiff is entitled to interest at the legal rate from the date each payment was due until paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a money judgment in his favor against Defendants for damages relating to the breach of contract, breach of the duty of good faith and fair dealing, interest, all cost in the cause, and any other relief deemed appropriate by the Court.

RUSHING & GUICE, PLLC
Attorneys for Plaintiff

WILLIAM LEE GUICE III MSBN 5059
MARIA MARTINEZ MSBN 9951
P.O. Box 1925
Biloxi, MS 39533
(T) 228-374-2313
(F) 228-875-5987
bguice@rushingguice.com
mmartinez@rushingguice.com